HIGHWAY COMMISSION OF FRANKLIN TOWNSHIP v. GIBSON CONSTRUCTION COMPANY.

(Filed 22 December, 1915.)

**Roads and Highways—Bonds—Subsequent Legislation—Restrictive as to Time—Constitutional Law.**

An act forbidding the issuance of bonds, theretofore authorized by the Legislature upon the approval of the voters, in a newly created road district, after designated time, in this case twelve months from its enactment, is constitutional and valid, and the bonds thereafter issued are void, and there is no authority in the road commissioners to ratify them.

APPEAL by defendant from *Ferguson, J.,* at November Term, 1915, of MACON.

*T. J. Johnston for plaintiff.*
*Johnston & Horn for defendant.*

CLARK, C. J. This is a controversy without action, under Revisal, 803, to determine the validity of $20,000 of 6 per cent road bonds of Franklin Township, Macon County. Chapter 197, Public-Local Laws 1913, created the Highway Commission of Franklin Township, in said county, and authorized it to issue bonds as therein provided, after a favorable election, with the proviso that the total amount of the bonds outstanding should at no time exceed 10 per cent of the value of the taxable property in the township. The said commission issued and

33—170

placed on the market $90,000 of the bonds prior to 1 September, 1914. The validity of those bonds is not contested.

At the extra session of the General Assembly in 1913 it enacted chapter 6, Public-Local Laws, Extra Session 1913, section 3 of which is as follows: "Unless the bonds provided for by said chapter 197, Public-Local Laws 1913, shall have been issued and placed on the market on or before 1 September, 1914, all rights and powers under said chapter to issue said bonds shall cease and determine." The $20,000 involved in this appeal had neither been issued nor placed on the market on 1 September, 1914. They have not yet been issued, and, indeed, the contract by which the defendant obligated itself to purchase them was not made until 21 October, 1915.

But for chapter 197, Public-Local Laws 1913, the plaintiff, the highway commission, would not be in existence, and it would have had no power or authority to issue the $90,000 worth of bonds sold prior to 1 September, 1914. It was that act which gave existence to the plaintiff and authorized the issue of the bonds. The General Assembly had the same power to withdraw from plaintiff all power thereafter, or after a date named, to issue bonds.

On 1 September, 1914, the plaintiff ceased to have any power or right or authority to issue any bonds. The attempt to issue the $20,000 in bonds after said date was without authority of law. The General Assembly by the act of the extra session might have determined that from and after the passage of the act the authority to issue bonds should be withdrawn. But the General Assembly very considerately gave the plaintiff more than twelve months in which to issue bonds and place them on the market.

The plaintiff relies upon *Highway Commission v. Malone,* 166 N. C., 2, but that decision merely held valid the authority conferred on plaintiff by chapter 197, Public-Local Laws 1913, to issue bonds generally, without any restriction beyond the provision that the amount outstanding should at no time exceed 10 per cent of the value of the taxable property in the township.

*McCracken v. R. R.,* 168 N. C., 62, was a somewhat similar case. There the statute provided that the bonds authorized thereunder should not be valid unless the line of railroad to aid which the bonds were issued should be constructed within three years from the date of the issuance of the bonds, and required the depositary, who was to hold the bonds, in the event of such failure to construct the road within the time specified, to deliver the bonds up for cancellation. This Court held that the railroad company having notice of such provision in the statute, the bonds should be delivered up for cancellation upon the contingency named, and that the county commissioners were without authority to waive such condition.

In this case the amendatory act gave the plaintiff something over twelve months in which to issue and place the bonds on market, and withdrew from the commission authority to issue any bonds after 1 September, 1914. The commission could not waive such provision in the statute, for the reason that their authority, theretofore given to issue bonds, ceased and determined on 1 September, 1914, and they were without authority to issue or place on the market any bonds after that date.

Reversed.